I am of the opinion that execution of the will was established and the instrument should be admitted to probate.
The attorney who was summoned to prepare the will testified that he visited the bedside of testatrix and there received her direction as to what she wanted done, then went to his office, prepared the will, and returned to the bedside of testatrix, explained the provisions of the will to her, and she was propped up in bed and signed it, and the two witnesses, whose names appear thereon, testified they saw her sign and they signed in her presence.
The integrity and testimony of the attorney and the subscribing witnesses stand unassailed except by the opinion of the handwriting expert. The so-called handwriting expert was one of limited experience and likely strongly imbued with the infallibility of that art, but in fairness it should be said he cautioned that it was only his opinion. Of course, that is all it could be, except as he pointed out dissimilarities between other signatures of testatrix and the one on the will.
I have examined the enlarged so-called genuine and questioned signatures and, considering that testatrix could not write her own name until late in life and was sick in bed and aged, I do not find enough variance between her agreed and questioned signatures to lead me to cast aside the direct evidence in the case and brand the signature the witnesses say they saw written a forgery.
The judgment should be reversed and the case remanded to the circuit with direction to certify allowance of the will to the probate court. Defendants should recover costs.
SHARPE and McALLISTER, JJ., concurred with WIEST, J. *Page 143